IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


PAUL PERAZA,                        :
          Plaintiff                 :
                                    :
     v.                             :     CIVIL NO.3:CV-13-997
                                    :
                                    :     (Judge Conaboy)          FILED
UNITED STATES OF AMERICA,           :                            SCRANTON
          Defendant                 :
                                                                SEP 2 4 2014

**MEMORANDUM**
**Background**
                                                        PER_____  ___
                                                               DEPUTY CLERK

Paul Peraza, an inmate presently confined at the United

States Penitentiary, Lewisburg, Pennsylvania initiated this pro se

action pursuant to the Federal Tort Claims Act (FTCA).  Named as

Defendant is the United States of America.  An Amended Complaint

(Doc. 37) was subsequently submitted.

This action regards events which purportedly transpired

during Plaintiff's prior incarceration at the Canaan United States

Penitentiary, Waymart, Pennsylvania (USP-Canaan).  See Doc. 1, p.

4.  According to the Amended Complaint, on May 11, 2011 USP-Canaan

correctional officers including Schwartz verbally abused Plaintiff

and identified him as being a child molester as the inmate was

being escorted from his cell in the prison's Special Housing Unit

(SHU).  See Doc. 37, p. 4, ¶ 1.  Thereafter, the officers allegedly

physically assaulted Peraza to the extent that he required

treatment at an outside hospital.[1]  Following that incident

---

[1]  Plaintiff asserts that his pending action is not seeking
relief with respect to that assault.  See id. at ¶ 6.

Plaintiff was purportedly labeled as being a child molester by other prisoners.

During the week of May 23, 2011 Plaintiff and his cellmate Inmate Anderson were put in an outdoor recreation cage with two Mexican gang members. One of the Mexican gang members told Plaintiff that two correctional officers Schwartz and Jenks were telling prisoners that Peraza was a child molester. Peraza indicates that he told the prisoner that he was being retaliated against for filing a complaint regarding the May 11, 2011 incident and when possible he would produce his sentencing paperwork to show that the two officers were lying.

On July 4, 2011 Plaintiff went to the recreation cage area without his cellmate. It is next alleged that Schwartz deliberately placed two inmates in a recreation cage with Plaintiff for the purpose of having those prisoners attack Peraza. The two inmates proceeded to assault Plaintiff based upon their belief that he was a child molester. As a result of this assault, Plaintiff suffered lacerations and bruising to the face and neck which required treatment at an outside hospital. The Amended Complaint adds that the assaults and the false labeling of Peraza as being a child molester has been covered up by prison staff and constitute negligence and breach of duty.

Presently pending is Defendant's motion to dismiss the Amended Complaint and/or in the alternative for summary judgment. See Doc. 38. The motion is ripe for consideration.

## Discussion

### Motion to Dismiss

Defendant's pending dispositive motion in part seeks dismissal under Rule 12 (b)(1) & (6) is supported by evidentiary materials outside the pleadings. Federal Rule of Civil Procedure 12(d) provides in part as follows:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(b)(d).

This Court will not exclude the evidentiary materials accompanying the Defendant's motion.[2] Thus, the motion will be treated as solely seeking summary judgment. See Latham v. United States, 306 Fed. Appx. 716, 718 (3d Cir. 2009)(when a motion to dismiss has been framed alternatively as a motion for summary judgment such as in the present case, the alternative filing "is sufficient to place the parties on notice that summary judgment might be entered.")

### Summary Judgment

Summary judgment is proper if "the pleadings, the discovery

---

[2] If memoranda, affidavits and exhibits by both parties are considered in addressing a motion under Rule 12(b)(1) summary judgment standards should be applied. Hughes v. United States, 263 F.3d 272, 278 (3d Cir. 2001)

and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); See also Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. Id. at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. Saldana, 260 F.3d at 232; see also Reeder v. Sybron Transition Corp., 142 F.R.D. 607, 609 (M.D. Pa. 1992). Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. (internal quotations omitted); see

also Saldana, 260 F.3d at 232 (citations omitted).   Summary
judgment should be granted where a party "fails to make a showing
sufficient to establish the existence of an element essential to
that party's case, and on which that party will bear the burden at
trial."   Celotex, 477 U.S. at 322-23.   "'Such affirmative evidence
– regardless of whether it is direct or circumstantial – must
amount to more than a scintilla, but may amount to less (in the
evaluation of the court) than a preponderance.'"   Saldana, 260 F.3d
at 232 (quoting Williams v. Borough of West Chester, 891 F.2d 458,
460-61 (3d Cir. 1989)).

## Statute of Limitations

Defendant's initial argument contends that Plaintiff's
pending action was not filed within the time period authorized by
the applicable statute of limitations.   Specifically, the Defendant
asserts that Plaintiff received a letter from Northeast Regional
Counsel for the Bureau of Prisons (BOP) on March 23, 2012 advising
him that his administrative tort claim was being denied and that he
had six (6) months from the date of the letter in which to file a
civil action regarding his May 11, 2011 tort claim.[3]   See Doc. 42,
p. 3. On April 23, 2012, the BOP's Regional Counsel issued a letter
similarly advising Peraza that his administrative tort claim
concerning the July 4, 2011 incident was being denied and he had

---

[3]   Plaintiff has indicated that this action is not seeking
relief with respect to the May 11, 2011 incident.

six (6) months from the date of the letter in which to initiate a civil action concerning said claim.  See id.  Since Plaintiff did not file this FTCA action until April 17, 2013, Defendant concludes that this matter should be dismissed as untimely filed.

Plaintiff counters that his action should be deemed timely because he is entitled to equitable tolling of the statute of limitations since he diligently sought federal court review of his July 4, 2011 related claim.  See Doc. 62.

The FTCA provides a remedy in damages for the simple negligence of employees of the United States.  See United States v. Muniz, 374 U.S. 150, 150 (1963).  Under the FTCA, sovereign immunity is waived against persons suing the federal government for the commission of various torts.  See Simon v. United States, 341 F. 3d 193, 200 (3d Cir. 2003).

A plaintiff pursuing an FTCA claim must show:  (1) that a duty was owed to him by the defendant; (2) a negligent breach of said duty; and (3) that the negligent breach was the proximate cause of the plaintiff's injury/loss.  Mahler v. United States, 196 F. Supp. 362, 364 (W.D. Pa. 1961).  The only proper Defendant for purposes of an FTCA claim is the United States of America.  See 28 U.S.C. § 2679(d).  Except for limited circumstances, an FTCA claim in federal court is limited to recovery of the sum certain amount

requested in the underlying administrative claim.  See McMichael v. United States, 856 F.2d 1026, 1035 (8th Cir. 1988).[4]

An action filed pursuant to the FTCA must first be submitted in writing to the appropriate federal agency as an administrative tort claim, in this case the BOP.  See 28 U.S.C. § 2675. . The statute of limitations for submitting an administrative tort claim to the agency is two (2) years.  See id. at § 2401(b).  The deadline for seeking judicial review is six (6) months after the agency's final denial of the administrative tort claim.  See Pascale v. United States, 998 F. 2d 186 (3d Cir. 1993).  This statute of limitations begins to run from the mailing date of the denial.  Tuttle v. United States Postal Service, 585 F. Supp. 55 (M.D. Pa. 1983), aff'd, 735 F. 2d 1351 (3d Cir. 1984).

The time limitations contained in the FTCA are not jurisdictional in nature and that failure to comply is an affirmative defense which the Defendant has the burden of establishing.  Rendon v. Philadelphia Health Services, 38 Fed.

---

[4]  Specifically, 28 U.S.C § 2675(b) provides:

> Action under this section shall not be instituted for any sum in excess of the claim presented to the federal agency, except where the increased
> amount is based on newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

Appx. 807 (3d Cir. 2002). The principles of equitable tolling have also been found by the Third circuit Court of Appeals to apply to FTCA actions. See Hughes, 263 F.3d 272.

It is undisputed that Plaintiff's pending action is seeking relief with respect to conduct which purportedly occurred on July 4, 2011. Peraza filed a timely administrative tort claim. On April 23, 2012, the BOP's Regional Counsel issued a written decision denying Peraza's administrative tort claim and advised him that he had six (6) months in which to initiate a civil action concerning his July 4, 2011 claim.

Prior to the final administrative denial of his tort claim, Plaintiff filed a Bivens[5] action, Peraza, Civil No. 3:12- CV-376, with this Court on February 28, 2012 regarding the same July 4, 2011 incident. Approximately two (2) months after the final administrative tort claim denial and although he had already submitted an amended complaint, Peraza filed a motion to amend in his Bivens action on July 2, 2012 seeking to file a second amended complaint for the purpose of adding his now exhausted FTCA claim.

The motion to amend was subsequently denied by this Court without prejudice to Plaintiff's pursuit of any FTCA claim in a

---

[5]  Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

8

separate action.  This FTCA action was filed approximately two months later, on April 17, 2013.

Plaintiff's opposing brief indicates that he attempted to join his FTCA claims in a timely manner by having them added to his <u>Bivens</u> action because both claims arose from the same set of facts. <u>See</u> Doc. 62, p. 1. He concludes that since he diligently pursue his claims a finding of equitable tolling is appropriate.  Defendant's reply brief counters that the remedy of equitable tolling is extraordinary and is not applicable in this case since the Plaintiff a seasoned <u>pro</u> <u>se</u> litigant did not file his action in the wrong forum but was simply trying to circumvent the filing fee requirement.

The statute of limitations may be subject to equitable tolling where it is shown that the plaintiff exercised reasonable diligence in bringing his claims.  <u>Campbell v. Kelly</u>, 87 Fed. Appx. 234, 236 (3d Cir. 2003).  Given the undisputed facts that (1) Plaintiff attempted to pursue his pending FTCA claim in federal court within two months after the issuance of a final administrative denial; (2) there was a significant passage of time prior to disposition of the motion for leave to file a second amended complaint;[6] (3) Peraza is proceeding <u>pro</u> <u>se</u>; and (4) Plaintiff previously filed a combined <u>Bivens</u>/FTCA action with this

---

[6]  An earlier decision on the motion to amend could have afforded Plaintiff sufficient time in which to timely pursue his FTCA claim in a separate action.

court and (5) the same nucleus of facts supports this action and Peraza, Civil No. 3:12- CV-376;[7] this Court will grant the request for equitable tolling out of an abundance of caution and the request for summary judgment under the statute of limitations will be denied.[8]

## Slander

Plaintiff alleges that he was called a child molester by prison officials who also similarly described him as such to other prisoners. The Amended Complaint indicates that this release of sensitive information was an effort to place Peraza at risk of mistreatment by the prisoner population.

Defendant contends that although there is no assertion of slander raised in the Amended Complaint, Plaintiff's allegation that he was falsely labeled as being a child molester by correctional officers sounds in slander and as such falls into the intentional tort exception of the FTCA and therefore cannot be entertained. See Doc. 42, p. 10.

Plaintiff's opposing brief  counters that he is not pursuing a slander claim. See Doc. 62, p. 7. Moreover, the opposing brief adds that there is no basis for such a claim because any remarks identifying him as being a sex offender "was true as far as the

---

[7]  See Peraza, Civil No. 3:-12-CV-130.

[8]  Since Peraza previously filed a combined Bivens/FTCA action with this Court and is proceeding pro se, his decision to try to amend another Bivens action with a factually related FTCA claim is understandable.

10

Defendant's employees knew." <u>See</u> Doc. 62, p. 8. Rather, Peraza asserts that the verbal remarks at issue were not slanderous but constituted a negligent release of sensitive personal information by correctional officials which placed his safety at risk and violated the Bureau of Prisons' employee standards of conduct.

Under the FTCA, sovereign immunity is waived against persons suing the federal government for the commission of various torts. <u>Simon v. United States</u>, 341 F. 3d 193, 200 (3d Cir. 2003). In presenting an FTCA claim, a plaintiff must show: (1) that a duty was owed to him by a defendant; (2) a negligent breach of said duty; and (3) the negligent breach was the proximate cause of the plaintiff's injury/loss.

The United States is only liable under the FTCA for conduct by government employees while acting within their scope of employment.[9] <u>Matsko v. United States</u>, 372 F.3d 556, 559 (3d Cir. 2004). 18 U.S.C. § 4042 imposes a general duty of care on the BOP to safeguard its prisoners. However, the regulation does not dictate the manner by which that duty is to be fulfilled. <u>See</u> <u>Cohen v. United States</u>, 151 F.3d 1338,1343 (11th Cir. 1998). Hence, the BOP has the ability to exercise its judgment on how its duty under § 4042 is to be fulfilled.

---

[9] There is no argument by Defendant that the challenged conduct was not undertaken by correctional staff while acting within the scope of their employment.

11

In the present case, Plaintiff's opposing brief has clearly indicated that he is not pursuing a slander claim and that in fact there is no basis for such a claim.[10]  The pro se Amended Complaint filed in this matter contends that correctional staff "were divulging sensitive information" about his background to other prisoners.  See Doc. 37  ¶ 32.  Accordingly, in light of thje liberal treatment afforded to pro se filings this Court agrees that Plaintiff is not pursuing a slander claim but rather, he is alleging that the prison officials intentionally released information about his criminal history because they knew that such information would placed him at risk of mistreatment by other prisoners.

Consequently, the Defendant's request for entry of summary judgment on the grounds that it falls within the libel and slander exception to the FTCA will be denied.[11]  An appropriate Order will enter.

RICHARD P. CONABOY
United States District Judge

DATED; SEPTEMBER 24th, 2014

---

[10] It is noted that the Amended Complaint suggests that Plaintiff's institutional file contained sensitive information that Peraza may have a sex offender designation.  See Doc. 37, ¶ 16.

[11]  This Court offers no opinion at this time as to the issue whether a proper claim of negligence has been asserted or if the labeling of Peraza as a child molester alleges an intentional act undertaken by prison officials.

12